O8CR 178   CLOSED

# U.S. District Court
## Northern District of Iowa (Cedar Rapids)
### CRIMINAL DOCKET FOR CASE #: 1:02-cr-00001-LRR All Defendants
### Internal Use Only

Case title: USA v. Ritchart

Date Filed: 01/03/2002
Date Terminated: 07/29/2002

**FILED**

MAR 1 1 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Assigned to: Chief Judge Linda R Reade
Referred to: Chief Magistrate John A Jarvey

### Defendant (1)

**Matthew Ritchart**
*TERMINATED: 07/29/2002*

represented by **Matthew Ritchart**
08639029
FPC-Yankton
Unit Durand
PO Box 700
Yankton, SD 57078
PRO SE

**Michael L Mollman**
Mollman Law Office
2721 120th Street NE
**ECF
Swisher, IA 52338
319-857-5060
Fax: 396 4389
Email: mollmanlaw@netins.net
*TERMINATED: 07/29/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Retained


The above is a true copy.
ATTEST: Robert L. Phelps, Clerk
By: _____

### Pending Counts

21:841(a)(1) & 841(b)(1)(C).F
CONTROLLED SUBSTANCE - SELL, DISTRIBUTE, OR DISPENSE
(1)

### Disposition

72 mons impr; 3 yrs supervised release; $100 special assessment; $2,500 restitution

## Highest Offense Level (Opening)
Felony

## Terminated Counts
None

## Disposition

## Highest Offense Level (Terminated)
None

## Complaints
None

## Disposition

## Plaintiff
**United States of America**          represented by **Patrick J Reinert**
US Attorney's Office
Northern District of Iowa
401 First Street SE
Hach Building, Suite 400
\*\*ECF
Cedar Rapids, IA 52401-1825
319 363 0091
Fax: 363 1990
Email: pat.reinert@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/03/2002 | 1 | INFORMATION by USA as to Matthew Ritchart (1) count(s) 1 frmemp (Entered: 01/04/2002) |
| 01/03/2002 | 2 | WAIVER OF INDICTMENT by defendant Matthew Ritchart frmemp (Entered: 01/04/2002) |
| 01/03/2002 | 3 | Motion to set guilty plea by USA assigned to Clerk frmemp (Entered: 01/04/2002) |
| 01/03/2002 | 4 | PRAECIPE FOR SUMMONS to Marshal for svc as to Matthew Ritchart; ARRAIGNMENT/PLEA set for 8:30 1/18/02 before Judge Melloy for Matthew Ritchart (copy of Information & summons to atty Mollman) frmemp (Entered: 01/04/2002) |

| | | |
|---|---|---|
| 01/04/2002 | | (Court only) Docket Modification (Utility) as to defendant Matthew Ritchart granting motion to set guilty plea [3-1] which was set w/praecipe for summons frmemp (Entered: 01/04/2002) |
| 01/07/2002 | 5 | SUMMONS w/Marshal's Return on 1/4/02 as to Matthew Ritchart MAP (Entered: 01/08/2002) |
| 01/18/2002 | 6 | RULE 32 CONSENT TO PREPARATION AND INSPECTION OF PRESENTENCE REPORT by defendant Matthew Ritchart (cc: all counsel,USM,USP) frmemp (Entered: 01/18/2002) |
| 01/18/2002 | 7 | CLERK'S COURT MINUTES W/NOTICE/EXHIBIT LIST: as to defendant Matthew Ritchart before Judge Michael J. Melloy ARRAIGNMENT/PLEA held on 1/18/02 , dft Matthew Ritchart arraigned; NOT GUILTY entered; Attorney Mollman present; , guilty plea entered by Matthew Ritchart , SENTENCING HEARING set for April 11 at 1:30 for Matthew Ritchart w/Judge Melloy COURT REPORTER Kay Carr frmemp Modified on 01/18/2002 (Entered: 01/18/2002) |
| 01/18/2002 | 8 | ORDER SETTING CONDITIONS OF RELEASE for: PR for Matthew Ritchart by Judge Michael J. Melloy (cc: all counsel,USP,USM) frmemp (Entered: 01/18/2002) |
| 01/18/2002 | 9 | SHORTHAND NOTES of OCR Kay Carr constituting official record of Plea hearing held on January 18, 2002 as to defendant Matthew Ritchart MAP (Entered: 01/22/2002) |
| 04/05/2002 | 10 | JOINT MOTION to continue sentencing hearing by plaintiff USA as to defendant Matthew Ritchart assigned to Clerk GGC (Entered: 04/08/2002) |
| 04/08/2002 | 11 | NOTICE as to defendant Matthew Ritchart granting motion to continue sentencing hearing [10-1] SENTENCING HEARING reset for 10:00 6/21/02 for Matthew Ritchart w/Judge Melloy (cc: all counsel,USM,USP) frmemp Modified on 04/08/2002 (Entered: 04/08/2002) |
| 06/18/2002 | 12 | MOTION to continue sentencing hearing by defendant Matthew Ritchart assigned to Judge Michael J. Melloy frmemp (Entered: 06/18/2002) |
| 06/20/2002 | 13 | ORDER by Judge Michael J. Melloy as to defendant Matthew Ritchart granting motion to continue sentencing hearing [12-1] SENTENCING HEARING reset for 2:30 7/26/02 for Matthew Ritchart (cc: all counsel,USM,USP) frmemp (Entered: 06/20/2002) |
| 07/25/2002 | 14 | NOTICE of present intention to file 5K1.1 motion by plaintiff USA frmemp (Entered: 07/26/2002) |
| 07/26/2002 | 15 | CLERK'S COURT MINUTES as to defendant Matthew Ritchart before Judge Michael J. Melloy PLEA/SENTENCING held on 7/26/02 , guilty plea entered by Matthew Ritchart COURT REPORTER Kay Carr frmemp (Entered: 07/26/2002) |
| 07/29/2002 | 16 | JUDGMENT as to Matthew Ritchart sentencing Matthew Ritchart (1) count(s) 1. 72 mons impr; 3 yrs supervised release; $100 special |

| | | |
|---|---|---|
| | | assessment; $2,500 restitution, case terminated as to defendant Matthew Ritchart by Judge Michael J. Melloy SSN: 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 JUDGMENT BOOK 24 ENTRY 144 (cc: all counsel,USM,USP) frmemp (Entered: 07/29/2002) |
| 07/29/2002 | 17 | SEALED PRESENTENCE REPORT on Matthew Ritchart (HOUSED SEPARATELY w/Statement of Reasons) frmemp (Entered: 07/29/2002) |
| 07/29/2002 | 18 | SEALED SENTENCING RECOMMENDATION as to Matthew Ritchart (HOUSED SEPARATELY) frmemp (Entered: 07/29/2002) |
| 07/31/2002 | 19 | SHORTHAND NOTES of OCR Kay Carr constituting official record of sentencing on 7/26/02 as to defendant Matthew Ritchart frmemp (Entered: 07/31/2002) |
| 08/23/2002 | 20 | JUDGMENT w/Marshal's Return executed as to defendant Matthew Ritchart (Delivered on 8/19/02 to FPC, Yankton, SD) frmemp (Entered: 08/26/2002) |
| 03/10/2003 | 21 | RECEIPT FOR EXHIBITS to plaintiff USA as to defendant Matthew Ritchart KSY (Entered: 03/11/2003) |
| 03/13/2006 | 22 | Pro Se MOTION to Set Aside Judgment re: 16 Judgment by Defendant Matthew Ritchart. (per PDY) (de) (Entered: 03/13/2006) |
| 03/13/2006 | | Judge update in case as to Defendant Matthew Ritchart. Judge Linda R Reade and John A Jarvey added. Judge Michael J Melloy no longer assigned to case. (de) (Entered: 03/13/2006) |
| 03/16/2006 | 23 | RESISTANCE by United States of America as to Defendant Matthew Ritchart re 22 MOTION to Set Aside Judgment re: 16 Judgment (Reinert, Patrick) Modified on 3/16/2006 to remove punctuation (de). (Entered: 03/16/2006) |
| 04/14/2006 | 24 | BRIEF by United States of America as to Defendant Matthew Ritchart re 23 Resistance to Motion filed by United States of America, (Reinert, Patrick) Modified on 4/17/2006 to create link to motion (jkh). (Entered: 04/14/2006) |
| 04/26/2006 | 25 | Pro Se REPLY to Gov'ts Memorandum in Support of Resistance to Rule 60(b)(4), (6) Motion by Defendant Matthew Ritchart re 22 . (nef to pro se filer)(de) Additional attachment(s) added on 4/26/2006 (de, ). Modified on 4/27/2006 to edit text (de). (Entered: 04/26/2006) |
| 04/26/2006 | 26 | Docket Annotation as to Defendant Matthew Ritchart: The attached Reply has now been attached to docket entry #25. This document was inadvertantly omitted when docketed. (nef to pro se filer) (de) (Entered: 04/26/2006) |
| 05/09/2006 | 27 | ORDER denying 22 Motion to Set Aside Judgment as to Matthew Ritchart (1). Signed by Judge Linda R Reade on 5/9/06. (mem) (Entered: 05/09/2006) |

| 05/22/2006 | 🔾28 | Pro Se MOTION to Amend 27 Order on Motion to Set Aside Judgment by Defendant Matthew Ritchart. (nef mailed to pro se filer) (de) (Entered: 05/22/2006) |
|---|---|---|
| 06/08/2006 | 🔾29 | ORDER denying 28 Defendant's Motion to Alter or Amend Judgment as to Matthew Ritchart (1). Signed by Judge Linda R Reade on 6/8/06. (Copy to defendant) (mj) (Entered: 06/08/2006) |
| 03/06/2008 | 🔾30 | Supervised Release Jurisdiction Transferred to Northern District of Illinois as to Defendant Matthew Ritchart. Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (certified copies to USP) (de) (Entered: 03/06/2008) |

REC'D MAR - 5 2008

| PROB 22 (Rev. 2/88) | | | DOCKET NUMBER *(Tran. Court)* |
|---|---|---|---|
| **TRANSFER OF JURISDICTION** | DOCKETED FEB 2 7 2008 | | CR 02-1 |
| | | | DOCKET NUMBER *(Rec. Court)* |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: | DISTRICT | DIVISION |
|---|---|---|
| Matthew Ritchart    JUDGE HIBBLER | Northern District of Iowa | Cedar Rapids |
| MAGISTRATE JUDGE MASON | NAME OF SENTENCING JUDGE | |
| 08CR 0178 | The Honorable Michael J. Melloy | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM Dec 14, 2007 / TO 12/13/2010 |

| OFFENSE |
|---|
| 21 841(a)(1) and 841(b)(1)(C) - Distribution of Cocaine |

FILED
JN
FEB 2 5 2008

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF IOWA

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the sentencing Court to the United States District Court accepting jurisdiction of this case upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.

January 17, 2008
*Date*

*[signature]*
*United States District Judge*

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

FEB 2 2 2008
*Effective Date*

*James F. Holderman*
*United States District Judge*

I, the undersigned Clerk of the United States District Court for the Northern District of Iowa, do certify that the foregoing is a true copy of an original document remaining on file and record in my office.
WITNESS my hand and seal of said Court this 12 day of March, 2008
Robert L. Phelps, Clerk
By_____
   Deputy



MICHAEL W. DOBBINS

**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604

312-435-5698

Mr. Robert L. Phelps II
Clerk
United States District Court
Federal Building and United States
　Courthouse, 3rd Floor
101 First Street, S.E.
Cedar Rapids, IA 52401-1202

March 3, 2008

Dear Clerk:

**Re:**　　US vs.　Matthew Ritchart
　　　　　Our case number:　- 08 cr 178

Dear Clerk:

Enclosed is a certified copy of the Probation Form 22, Transfer of Jurisdiction, regarding, Matthew Ritchart, which has been accepted and assumed by this Court in the Northern District of Illinois, Eastern Division.

Please forward a certified copy of the indictment/information, judgment and docket along with the enclosed copy of this letter to the United States District Court at the above address. Your prompt attention to this matter is greatly appreciated.

　　　　　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　　　　　Michael W. Dobbins
　　　　　　　　　　　　　　　　　Clerk

　　　　　　　　　　　by:

　　　　　　　　　　　　　　　　　Yvette Pearson,　Deputy Clerk

Enclosure

FILED
U.S. DISTRICT COURT
NORTHERN DISTRICT OF IO

2002 JAN -3 PM 4: 0

CEDAR RAPIDS HDQTRS. OFF

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. CR 02-1 M J M |
| ) | |
| vs. ) | COUNT 1: |
| ) | 21 U.S.C. § 841(a)(1) and |
| MATTHEW RITCHART, ) | 21 U.S.C. § 841(b)(1)(C) |
| ) | |
| Defendant. ) | |

INFORMATION

The United States Attorney charges:

COUNT 1

On about January 30, 1997, MATT RITCHART did knowingly and unlawfully distribute approximately 38.67 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance.

This is in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

Respectfully submitted,

CHARLES W. LARSON, SR
United States Attorney

By, *[signature]*

PATRICK J. REINERT
Assistant United States Attorney
P. O. Box 74950
Cedar Rapids, IA 52407
319-363-0091
319-363-1990 (Fax)
Pat.Reinert@usdoj.gov

I, the undersigned Clerk of the United States District Court for the Northern District of Iowa, do certify that the foregoing is a true copy of an original document remaining on file and record in my office.
WITNESS my hand and seal of said Court this 10 day of March, 20 08
Robert L. Phelps, Clerk
By _____
Deputy

# United States District Court

## NORTHERN DISTRICT OF IOWA

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| V. | (For Offenses Committed On or After November 1, 1987) |
| MATTHEW RITCHART | Case Number: CR 02-1-MJM |
| | Michael L. Mollman, Attorney at Law |
| | Defendant's Attorney |

**THE DEFENDANT:**

■ pleaded guilty to count(s)  **1 of the one-count 01/03/2002 Information**

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

FILED
CEDAR RAPIDS HDQTRS OFF
NORTHERN DISTRICT OF IOWA

JUL 29 2002

1:30

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) | Distribution of Cocaine | 01/30/1998 | 1 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment, along with an attachment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

July 26, 2002
Date of Imposition of Judgment

Signature of Judicial Officer

**Michael J. Melloy**
**United States Circuit Judge, Sitting by Designation**
Name and Title of Judicial Officer

Date July 29, 2002

Same as above

I, the undersigned Clerk of the United States District Court for the Northern District of Iowa, do certify that the foregoing is a true copy of an original document remaining on file and record in my office. WITNESS my hand and seal of said Court this ___ day of _March_, 20_08_

By _____ Robert L. Phelps, Clerk
Deputy

16

AO 245B (Rev. 3.01) Judgment in Criminal Case
Sheet 2 — Imprisonment
Case 1:08-cr-00478  Document 2  Filed 03/11/2008  Page 10 of 14

| DEFENDANT: | MATTHEW RITCHART |
|---|---|
| CASE NUMBER: | CR 02-1-MJM |

Judgment — Page 2 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **72 months**.

■ The court makes the following recommendations to the Bureau of Prisons:
**That the defendant participate in the Bureau of Prisons' 500-Hour Comprehensive Residential Drug Abuse Treatment Program.
That the defendant be placed at FCI Waseca, Minnesota, or FPC Yankton, South Dakota.**

☐ The defendant is remanded to the custody of the United States Marshal.

■ The defendant shall surrender to the United States Marshal for this district:
  ■ **no later than 4:00**  ☐ a.m.  ■ p.m.  on  **July 31, 2002**.
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: **MATTHEW RITCHART**
CASE NUMBER: **CR 02-1-MJM**

Judgment—Page __3__ of __6__

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **3 years**.

　　The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

　　The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐　The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

■　The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

　　If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

　　The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| | | Judgment—Page 4 of 6 |
|---|---|---|
| DEFENDANT: | **MATTHEW RITCHART** | |
| CASE NUMBER: | **CR 02-1-MJM** | |

## SPECIAL CONDITIONS OF SUPERVISION

1) You shall participate in a program of testing bodily fluids and functions, and treatment for drug and alcohol abuse, as directed by your probation officer until such time as you are released from the program by your probation officer.

AO 245B (Rev. 3/01) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Case 1:08-cr-00178  Document 2  Filed 03/11/2008  Page 13 of 14

| | | Judgment — Page 5 of 6 |
|---|---|---|
| DEFENDANT: | MATTHEW RITCHART | |
| CASE NUMBER: | CR 02-1-MJM | |

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100 | $ 0 | $ 2,500 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

■ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Iowa Division of Narcotics Enforcement<br>Wallace State Office Building<br>East 9th and Grand<br>Des Moines, IA 50319 | $2,500 | $2,500 | |
| **TOTALS** | $ 2,500 | $ 2,500 | |

☐ If applicable, restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

■ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

■ the interest requirement is waived for the ☐ fine and/or ■ restitution.

☐ the interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: **MATTHEW RITCHART**
CASE NUMBER: **CR 02-1-MJM**

Judgment — Page  6  of  6

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, or ☐ E below; or

B ■ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ E below); or

C ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant Name, Case Number, and Joint and Several Amount:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

■ The defendant shall forfeit the defendant's interest in the following property to the United States:
**$5,545 in currency seized on September 23, 1999**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.